HENRY I. SIEGEL CO., Inc., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

and

Amalgamated Clothing Workers of America, AFL-CIO, Intervenor.

AMALGAMATED CLOTHING WORKERS OF AMERICA, AFL-CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

and

Henry I. Siegel Co., Inc., Intervenor.

Nos. 256, 257, Dockets 28365 and 28424.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1964.

Decided Feb. 27, 1964.

Hays, St. John, Abramson & Heilbron, New York City, for employer, William Abramson and Osmond K. Fraenkel, New York City, of counsel.

Jacob Sheinkman and Jeffrey M. Albert, New York City, for the Union.

Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Stephen B. Goldberg and Theodore Martineau, Attorneys, for N.L.R.B.

Before SWAN, MOORE and SMITH, Circuit Judges.

SWAN, Circuit Judge.

Henry I. Siegel Co., Inc. (hereafter referred to as Employer) and Amalgamated Clothing Workers of America, AFL-CIO (hereafter the Union) seek review of an order of the Board, and the latter asks an order granting enforcement. The relevant provisions of the National Labor Relations Act, 29 U.S.C. § 151 et seq. as amended, are section 7, defining rights of employees, and section 8, defining unfair labor practices.

■ The Employer, a New York corporation, operates plants at Trezevant, Bruceton, and Gleason, in Tennessee, where it is engaged in the manufacture of men's trousers, men's coats, and men's wearing apparel, respectively. The trial examiner found violations of the Act by the Employer at Bruceton but not at Trezevant and Gleason. The Board has adopted most of the trial examiner's findings. With respect to a speech made by Siegel, vice-president of the Employer, to its employees, the Board disagreed with the trial examiner's conclusion that this was a violation. Siegel's speech, made informally, expressed his "honest belief" that a current union organization drive would, if successful, result in a reduction of the work force at Bruceton and also contained repeated statements that the employees had complete freedom to decide for themselves. We think the Board was justified in holding that the speech was not a violation of the Act under the circumstances.

■ In substance, both the Employer and the Union object to the Board's decision of factual questions on which there was conflicting evidence. The Union contends that certain supervisors gave the

"impression of surveillance" of the employees' union activities at Bruceton and Gleason, and that other supervisors threatened and interrogated employees concerning their organizational efforts. There was substantial evidence for the trial examiner to conclude as he did; the issue is essentially one of credibility.

The Union also contends that a settlement agreement in force at the Trezevant plant should be set aside because of the subsequent violations found at the Bruceton plant. The settlement agreement was made between the Employer and the General Counsel of the Board, whereby the Employer agreed not to commit certain alleged unfair labor practices but did not admit having committed them in the past. A subsequent violation of the Act would render the agreement liable to be set aside and open the door to litigation of the charges that had led to the agreement. The Board concluded that the operations of the Trezevant plant were separate from those at Bruceton, and that therefore the violations at Bruceton did not represent a breach of the agreement. While the two towns are only some 23 miles apart, there was undisputed evidence that no operating personnel were interchanged between the plants; that each had separate hiring agents; and that each plant manufactured different articles. The evidence thus amply supports the Board's finding that the two plants were not an "integrated enterprise." Similarly, there is no merit in the Union's objection to that part of the Board's order requiring the posting of notices in only the Bruceton plant.

Nor do we think that the Board's finding as to Superintendent Hurt's statements should be reversed. The alleged violations of the Act occurred during a drive to organize a union at Bruceton. The trial examiner found that an employee, Dorothy Brendon, had asked Hurt what he thought about a union. Hurt was unencouraging, and told Brendon not to tell anyone that she had signed a union card. When Brendon asked if "Sam" (Siegel) would fire her if he found out, Hurt replied, "No * * * but he might not give you as good a showing as you once have had." Two members of the Board, overruling the trial examiner, found no violation of section 8(a) (1) because Hurt's remarks "were made in response to Brendon's questions and were not * * * clearly a threat to her job security." We interpret this finding as simply saying that Brendon's questions gave Hurt's statements a context that deprived his statement of the force it might otherwise have had. Hurt's statement, as a personal opinion, was indefinite, in intent, so that the Board's competence to decide the issue should be respected.

Similarly, we reject the Employer's contention that its requests to employees to furnish it with copies of their statements made to an investigator of the Board were not violations of the Act. It is immaterial whether the Employer was successful in obtaining copies or not, except as its success may be an indication of the forcefulness of its "request." The question is whether the Employer's conduct interfered with the exercise of rights guaranteed to the employees by section 7 of the Act. Several employees testified to their apprehension when requested to deliver copies of their statements, to the extent that some of them were induced to destroy their copies or to request the investigator to mail the copy to their home. There is substantial evidence on the record considered as a whole to sustain the Board's conclusion that the Employer's requests did have an inhibitory effect on the employees' exercise of their right to have an effective investigation by the Board of alleged unfair labor practices.

Likewise, the other findings of the Board attacked by the Employer and the Union are supported by substantial evidence and cannot be overturned.

The petitions to set aside the order are denied; the petition for enforcement is granted.